## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SHUSTA TRAVERSE GUMBS,** | **MOTION TO VACATE** **28 U.S.C. § 2255** |
| **Movant,** | |
| | **CIVIL ACTION FILE** |
| **v.** | **NO. 1:22-CV-0310-MHC** |
| **UNITED STATES OF AMERICA,** | **CRIMINAL ACTION FILE** **NO. 1:16-CR-0401-MHC** |
| **Respondent.** | |

## ORDER

This matter is before the Court on the United States Magistrate Judge's Final

Report and Recommendation ("R&R") [Doc. 249], which recommends that

Movant Shusta Traverse Gumbs's 28 U.S.C. § 2255 Motion to Vacate, Set Aside,

or Correct Sentence ("Mvt.'s Mot.") [Doc. 230] be denied.  The Order for Service

of the R&R [Doc. 250] provided notice that, in accordance with 28 U.S.C.

§ 636(b)(l), the parties were authorized to file objections within fourteen (14) days

of the receipt of that Order.  Movant filed his objections to the R&R on August 27,

2024 ("Mvt.'s Objs.") [Doc. 253].

## I.    BACKGROUND

The factual background of this case has been reviewed by both the United

States Court of Appeals for the Eleventh Circuit in the denial of Movant's direct

appeal and by the Magistrate Judge in the R&R.  See United States v Gumbs, 964

F.3d 1340, 1343-44 (11th Cir. 2020); R&R at 2-16.  Movant was convicted by a

jury on one count of using his vehicle as a deadly or dangerous weapon to inflict

bodily injury on a federal officer engaged in the performance of that officer's

duties, and one count of using the same vehicle to assault, impede, or interfere with

the performance of the duties of three other federal officers.  Verdict Form [Doc.

161].  The facts presented at trial were that, when a group of United States

Marshals surrounded Movant's parked car to arrest him pursuant to an outstanding

warrant, Movant sped off, striking and injuring one Marshal, and interfering with

three other Marshals who were within one foot of the driver's side window.

Gumbs, 964 F.3d at 1343-44.  Movant was not arrested until four days later.  Id. at

1345.

        Prior to trial, Movant's counsel hired a licensed psychologist to evaluate

Movant.  Pre-Trial Psychological Evaluation ("Psych. Eval.") [Doc. 231-1] at 1.

The psychologist's report on the question of Movant's legal sanity was somewhat

equivocal.  In directly addressing the question of legal sanity, the psychologist

stated that "it appears that [Movant] had the capacity to appreciate the nature and

quality or the wrongfulness of his acts[,]" indicating that Movant did not meet the

standard of 18 U.S.C. § 17.[1]  Psych. Eval. at 16.  However, the psychologist also

noted that, because of Movant's post-traumatic stress disorder ("PTSD"), "it is

possible that [Movant] experienced a dissociative response (i.e., defensive

alternation in awareness developed as an avoidance response to overwhelming and

often traumatic psychological distress) when fleeing the area." Id. at 17.  Movant

contends that this latter statement indicates that, at the time of his crimes, Movant

blanked-out and had no control over his actions.  Mvt.'s Objs. at 3.

     In his § 2255 motion, Movant raises a single claim that his trial counsel was

ineffective for failing to pursue an insanity defense at trial.  See generally Mvt.'s

Mot.  The Magistrate Judge comprehensively reviewed the record, R&R at 2-16,

and the standard for establishing claims of ineffective assistance of counsel under

Strickland v. Washington, 466 U.S. 668 (1984).  Id. at 18-19.  The Magistrate

Judge determined that, given the information available, Movant's trial counsel was

not deficient in failing to pursue an insanity defense.  Id. at 21-26.  The

psychologist's report specifically noted that while Movant's "psychiatric

---

[1] 18 U.S.C. § 17(a) provides that "it is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts."

symptoms appeared to be exerting a significant influence on his behavior at the time of the alleged offense, it appears that he had the capacity to appreciate the nature and quality or the wrongfulness of his acts." Psych. Eval. at 16.  Based on that information, the Magistrate Judge found that trial counsel had a reasonable basis not to pursue an insanity defense at Movant's trial as the psychologist could not testify that Movant met the legal definition of insanity under § 17.  For the same reasons, the Magistrate Judge determined that Movant cannot demonstrate prejudice under Strickland.  R&R at 27.

## II.   LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(l).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge Anand," 28 U.S.C. § 636(b)(l), and

need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation.  See United States v. Slay, 714 F.2d 1093,1095 (11th Cir. 1983).  In accordance with 28 U.S.C. § 636(b)(l) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error.  See Slay, 714 F.2d at 1095.

## III.  DISCUSSION

In his objections, Movant points out that the viability of a legal insanity defense is a legal question to be made by counsel, and his trial counsel should not have simply deferred to the psychologist's determination.  Mvt.'s Objs. at 2.  He further asserts that there were statements in the psychologist's report that should have indicated to trial counsel that there was a viable insanity defense because the report stated that PTSD may have caused Movant "to enter a dissociative state in which he reacted without being able to comprehend what he was doing, or, without understanding the nature and quality or the wrongfulness of his actions."  Id. (citing 18 U.S.C. § 17).  According to the psychologist's testimony at the sentencing hearing, Movant did not remember the event when he struck the Marshal with his car, and it was possible that Movant did not understand what was

happening around him. Id. at 3 (citing Tr. of Jury Trial (Aug. 29, 2017) [Doc. 120] at 30).

Based on the psychologist's report, Movant asserts that trial counsel should have pursued an insanity defense given the possibility that, because of PTSD, when Movant saw several United States Marshals surrounding him, he blanked out and was not aware of what he was doing. However, this argument is belied by the existence of a recorded phone call between Movant and his mother while he was incarcerated. See United States' Motion in Limine Seeking the Court's Recons. of its Order to Exclude Def.'s Jail Call [Doc. 115] at 2-3. During the call, Movant stated:

> Woman, let me tell you something[.] If I had let them police arrest me right there in that car, I would have been going to jail for life. It's a good thing I knock that police down and get that aggravated assault charge. You hear what I tell you? I feel a lot better carrying the charge of hitting that police with that car than to, than to, than to be carrying the charge of what that police would have catch me with in that car, because Anya send them people on me. So little do you know, little do you know me catching them charges, yes, that was the best thing for me to do. Because if I had sit down there in that car and let them people draw me out of that car, and find out what was in that car, I would have been going to jail for life because of your daughter.

Recorded Tr. [Doc. 115-1].

The phone call evidence was excluded at trial, but it was considered at sentencing, and this Court found that the call was compelling evidence that Movant

was aware of what he was doing, and his escape was motivated by his desire to avoid the consequences of his illegal activity.  Tr. of Sentencing Hr'g (July 17, 2018) [Doc. 202] at 51-2, 153-54.  Indeed, at the sentencing hearing, the psychologist testified that, assuming Movant was carrying contraband at the time of the incident and would be facing a more severe sentence if such contraband had been discovered by law enforcement officers, it was equally possible that he would be trying to evade arrest as it was that his conduct was caused by PTSD.  Id. at 52.

If Movant had pursued an insanity defense, the Government may have been permitted to play the recording of the statement quoted above, and this Court finds it highly unlikely that, having heard that call, the jury would have been convinced by Movant's insanity defense.  As noted, the psychologist testified that Movant had no—or very little memory—of the event.  Id. at 32-33.  However, Movant's discussion with his mother strongly indicates that he was malingering with the psychologist as he apparently remembered what occurred.  More generally, the call shows that Movant, in complete control of his faculties, made a calculated decision to flee from the United States Marshals—and run one of them over—in order to avoid getting caught with whatever contraband he was carrying.

In his reply memorandum, Movant contends that the contents of his discussion with his mother do not necessarily show that he knew what he was

doing at the time of his crimes.  Rather, Movant "was able to come to the
conclusion that his actions may have benefitted him after being given the
opportunity to reflect on those actions, but that does not mean that he had such
insight at the time." Reply Br. in Supp. of Mot. to Vacate [Doc. 241] at 2.  While
that argument is an alternative interpretation of what Movant meant in the
discussion with his mother, this Court doubts that any reasonable juror would have
been swayed by it.  As the Magistrate Judge stated, the standard for evaluating
effective performance is not whether, in hindsight, defense counsel "should have
done things differently."  R&R at 26.  Accordingly, this Court concludes, as did
the Magistrate Judge, that Movant's trial counsel did not perform unreasonably and
Movant cannot demonstrate prejudice under Strickland for his trial counsel's
failure to pursue an insanity defense because, given the evidence, there is no
reasonable probability that a jury would have found Movant to be legally insane
under 18 U.S.C. § 17.

## IV.  CONCLUSION

After conducting a de novo review of those portions of the R&R to which
Movant objects and reviewing the remainder of the R&R for plain error, the Court
concludes that the Magistrate Judge is correct.  Accordingly, it is hereby
**ORDERED** that Movant's Objections to the R&R [Doc. 253] are **OVERRULED**.

The Court **APPROVES AND ADOPTS** the R&R [Doc. 249] as the Opinion and Order of the Court.

It is further **ORDERED** that Movant Shusta Traverse Gumbs's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 230] is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:22-CV-0310-MHC.

It is further **ORDERED** that a certificate of appealability is **DENIED** because Movant has not met the requisite standard. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Movant may not appeal the denial of his motion but may seek a certificate from the United States Court of Appeals for the Eleventh Circuit under Federal Rule of Appellate Procedure 22. Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

**IT IS SO ORDERED** this 30th day of October, 2024.



MARK H. COHEN
United States District Judge